Joseph S. Paglino, Miami, Fla., for plaintiffs-appellants.

Gerald F. Richman, Miami, Fla., for Morgan Enterprises and Norman Lohen.

---

**COMMODORE PLAZA AT CENTURY 21 CONDOMINIUM ASSOCIATION, INC., et al., Plaintiffs,**

**Fred Moskowitz, Clarence Koltun, Plaintiffs-Appellants,**

v.

**SAUL J. MORGAN ENTERPRISES, INC., et al., Defendants-Appellees.**

No. 82–5832.

United States Court of Appeals, Eleventh Circuit.

Jan. 27, 1984.

Before HILL and HATCHETT, Circuit Judges, and ALLGOOD,* District Judge.

PER CURIAM:

Plaintiffs Fred Moskowitz and Clarence Koltun appeal from the order of the district court granting judgment n.o.v. to the defendants in this case. Moskowitz and Koltun also challenge the order of the district court refusing to certify their lawsuit as a class action. We hold that the district

---

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

court properly resolved both issues and affirm.

This case presents a factual situation similar to one the predecessor to this court encountered in *Chatham Condominium Associations v. Century Village, Inc.*, 597 F.2d 1002 (5th Cir.1979). In both cases, the plaintiffs alleged that condominium vendors violated the antitrust prohibition against tying arrangements by requiring purchasers of condominiums to lease an individual interest in common areas in connection with their purchase. This case differs from *Chatham*, however. In *Chatham* we reviewed an order dismissing the case for lack of jurisdiction; here we review an order granting judgment n.o.v.

In issuing his order, the district judge held that Moskowitz and Koltun failed to: (1) prove the existence of two legally cognizable separate and distinct products; (2) prove that defendants possessed economic power in the tying product market; (3) prove anticompetitive effects; and (4) prove an effect on interstate commerce. In order to establish the existence of an illegal tying arrangement, each element (and others) must be shown by the plaintiff. *See Driskill v. Dallas Cowboys Football Club, Inc.*, 498 F.2d 321 (5th Cir.1974). In this case, as in *Driskill*, the plaintiffs failed to make any showing of coercion or anticompetitive effects, *see id.* at 323, and the factfinder cannot infer coercion or effect from the existence of a tie-in, as plaintiffs apparently contend, *United States Steel Corp. v. Fortner Enterprises*, 429 U.S. 610, 617–18, 97 S.Ct. 861, 866–67, 51 L.Ed.2d 80 (1977) (*Fortner* II). It is thus clear that the district judge properly entered judgment n.o.v. and we therefore need not address Moskowitz' and Koltun's contentions that the judge erred in entering judgment on the other grounds set forth.

We also find no error in the judge's order denying class certification. The judgment is

AFFIRMED.